IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | 2:12-cv-00776-MHT-CSC |
| LAWRENCE PROPERTIES, INC., ) | |
| LAWRENCE AT LAKEWOOD, LLC, ) | |
| MICHAEL LAWRENCE and ) | |
| WILLIAM BOUNDS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lawrence Properties, Inc., Lawrence at Lakewood, LLC, Michael Lawrence and William Bounds (collectively, "Defendants") hereby answer the allegations in Plaintiff United States of America's Complaint as follows:

1. Defendants need not respond to Plaintiff's recitation of the statute on which its claims are based; however, Defendants deny that they violated the Fair Housing Act ("FHA"), as amended, or any other statute or law on which Plaintiff premises its claims.

2. Defendants admit that jurisdiction and venue are proper in this Court, but deny that they violated any federal law on which jurisdiction is based.

3-7. Admitted.

8.     Admitted that Defendant Lawrence Properties, Inc. has the right to direct and control the actions of Defendant William Bounds *within the line and scope of his employment and agency*.  Except as expressly admitted, Defendants deny the allegations in this paragraph.

9.     Admitted, upon information and belief, that Ms. Green purchased the mobile home in question from a third party unrelated to Defendants.  Defendants are without sufficient information to admit or deny any allegation pertaining to what Ms. Green "intended" or what she was told by the sellers.  Defendants admit that Ms. Green was required to apply with Defendants to rent the lot on which the mobile home was located if she intended to live in the mobile home on that lot.  Except as expressly admitted, Defendants deny the allegations in this paragraph.

10-12.     Defendants are without sufficient information to admit or deny what occurred between Ms. Green and Ms. Davis.  Defendants deny all remaining allegations in these paragraphs.

13.     Defendants are without sufficient information to admit or deny what occurred between Ms. Green and the sellers.  Defendants deny the remaining allegations in this paragraph.

14.     Defendants are without sufficient information to admit or deny what occurred between Ms. Green and Ms. Davis.  Defendants deny that race played any role in any decision made with respect to Ms. Green or her family, deny that

Defendant Michael Lawrence made the statement attributed to him by Ms. Davis, and deny that Defendant William Bounds communicated the alleged hearsay statement of Mr. Lawrence to Ms. Davis.  Defendants deny any remaining allegations in this paragraph.

 15. Defendants deny all allegations in this paragraph.

 16. Defendants admit that Ms. Green filed a complaint, but deny that they violated the FHA.

 17. Defendants admit that HUD conducted an investigation and issued a "cause" determination.  Defendants deny that HUD's investigation revealed any violation of the FHA, deny that HUD"s determination was justified by the evidence revealed in HUD's investigation, deny that cause existed for HUD's determination, and deny that they violate the FHA.  Defendants deny any remaining allegations in this paragraph.

 18. Admitted, with the clarification that Mr. Green also elected to have this action brought in Federal Court.

 19. Admitted.

## Response to Count I

 20. Defendants readopt and reassert their responses to paragraphs 1-19 as if fully set forth herein.

 21. Defendants deny the allegations in this paragraph, including subparts

a – c.

22-23.   Denied.

## Response to Count II

24.   Defendants readopt and reassert their responses to paragraphs 1-23 as if fully set forth herein.

25.   Defendants deny the allegations in this paragraph, including subparts a – b.

26.   Denied.

## Response to Plaintiff's Prayer for Relief

Defendants deny that Plaintiff or any alleged "aggrieved persons," including but not limited to Verdell Green, Kennoris Green, Kenneth Green, Erica Guice, and the two minor children of Erica Guice and Kenneth Green, are entitled to the relief requested in paragraphs 1-4, including subparts, of the prayer for relief, or to any relief, and in further defense thereof states as follows:

## FIRST DEFENSE

Plaintiff's complaint, in whole or in part, fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred by acquiescence, waiver, consent, laches and/or estoppel, including due to the unreasonable delay in investigating and bringing this matter to litigation, causing prejudice to Defendants.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent the Greens failed to mitigate their alleged damages, if any.

### FIFTH DEFENSE

Plaintiff's claims for equitable relief are barred, in whole or in part, because of the unclean hands of Plaintiff and/or the Greens.

### SIXTH DEFENSE

All decisions made and actions taken with respect to the Greens were made or taken for legitimate, non-discriminatory reasons that were not pretextual.

### SEVENTH DEFENSE

Assuming, *arguendo*, that Defendants acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to the Greens in the absence of said alleged unlawful motive.

### EIGHTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not,

Plaintiff's claims for punitive damages are barred by Defendants' good faith efforts to comply with the Fair Housing Act.

### NINTH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, and/or Eighth Amendments to the United States Constitution and corresponding provisions of Alabama's Constitution because: (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

### TENTH DEFENSE

Defendants are not liable for punitive damages because they did not recklessly disregard anyone's rights.

### ELEVENTH DEFENSE

Defendants are not liable for punitive damages because they did not authorize or ratify any allegedly discriminatory acts and were not reckless in hiring the employee or employees who committed the allegedly discriminatory acts.

### TWELFTH DEFENSE

Plaintiff's claims for punitive damages are barred by Ala. Code § 6-11-20 or limited by Ala. Code § 6-11-21.

## THIRTEENTH DEFENSE

Any alleged discriminatory act committed by any employee or agent of Defendants was outside the line and scope of that employee or agent's duty.

## FOURTEENTH DEFENSE

There is no proximate cause between any action on the part of Defendants and the Greens' alleged damages.

## FIFTEETH DEFENSE

The Greens have not been injured, damaged or harmed as a result of any action on the part of Defendants.

## SIXTEENTH DEFENSE

Defendants reserve the right to assert any and all defenses available to them under the Fair Housing Act, as amended, or any other statute, common law, or equitable principle upon which Plaintiff seeks to premise its claims.

## SEVENTEENTH DEFENSE

Any and all allegations not specifically admitted are denied.

Respectfully submitted,

/s/ Justin A. Barkley
Justin A. Barkley (ASB-3855-S76B)
Attorney for Defendants

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Ph:  (205) 458-9400
Fax: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:


**Elizabeth Parr Hecker
Michael Stuart Maurer
Steven H. Rosenbaum
Thomas E. Perez**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, DC 20530

**James Joseph DuBois**
U. S. Attorney's Office
PO Box 197
Montgomery, AL 36101


                                                      /s/ Justin A. Barkley
                                                     Of Counsel