UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAWRENCE PROPERTIES, INC., ) <br> LAWRENCE AT LAKEWOOD, LLC, ) <br> MICHAEL LAWRENCE, AND ) <br> WILLIAM BOUNDS, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-00776-MHT-CSC |

## CONSENT ORDER

### I. INTRODUCTION

1. This action was filed by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*

2. Defendant Lawrence at Lakewood, LLC owns Heritage Point Mobile Home Park in Montgomery, Alabama ("Heritage Point"). Heritage Point offers mobile home lots for rent and mobile homes for lease-to-purchase. Defendant Lawrence Properties, Inc. manages Heritage Point. Defendant Michael Lawrence is the owner and operator of Lawrence Properties, along with his wife, Philline Lawrence. William Bounds is an employee of Lawrence Properties.

3. The United States alleges that on or about April 1, 2007, Verdell Green, an African-American woman, purchased a mobile home located at Heritage Point. On or about April

3, 2007, Ms. Green and her sons Kennoris Green and Kenneth Green visited the rental office at Heritage Point and filled out an application to rent the lot on which the mobile home was located.

4. The United States alleges that Nina Davis, the property manager at Heritage Point, did not process the Greens' application because she had been told by her supervisor, William Bounds, that Michael Lawrence did not want to rent to African Americans. In or about November 2007, Ms. Davis told Ms. Green that the denial of Ms. Green's application was due to her race.

5. The United States alleges that two other employees, Pauline Wilson and Donna Goolsby, were also told that Michael Lawrence and Lawrence Properties preferred not to rent to African Americans.

6. The United States alleges that Defendants have refused to negotiate for the rental of, or otherwise made unavailable or denied, housing to Verdell Green, Kennoris Green, Kenneth Green, Erica Guice, and two minor children because of race or color, in violation of 42 U.S.C. § 3604(a); discriminated against persons in the terms, conditions, or privileges of rental, or in the provision of services or facilities in connection therewith, because of race or color, in violation of 42 U.S.C. § 3604(b); and made, printed, or published one or more notices, statement, or advertisements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on race or color, in violation of 42 U.S.C. § 3604(c).

7. The United States alleges that Defendants have engaged in a pattern or practice of discrimination on the basis of race or color and/or a denial of rights to a group of persons

that raises an issue of public importance, in violation of 42 U.S.C. § 3614(a), in the rental of mobile home lots and mobile homes.

8. Defendants deny the allegations of the United States set forth above and in its Complaint. Defendants deny any liability in this action.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o) and 3614. Venue is proper under 28 U.S.C. § 1391(b) as some of the claims alleged herein arose in the Middle District of Alabama.

The United States and Defendants have agreed that to avoid protracted and costly continued litigation, this lawsuit should be resolved without a trial. Therefore, the parties consent to the entry of this Consent Order, as shown by the signatures below.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:**

## II. NON-ADMISSION

10. This Consent Order is being entered with the consent of the Parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by Defendants of any violation of the Fair Housing Act, or any other law, rule, or regulation dealing with, or in connection with, fair housing opportunities.

## III. GENERAL INJUNCTION

11. Defendants, and all other persons in active concert or participation with them, are enjoined, with respect to the rental or sale of dwellings,[1] from:

    a. Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, refusing to negotiate for the rental or sale of

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

        a dwelling, or otherwise making unavailable or denying a dwelling to any person because of race or color;

    b.    Discriminating against any person in the terms, conditions, or privileges of the rental or sale of a dwelling, or in the provision of services or facilities in connection therewith, because of race or color;

    c.    Making any statement, oral or written, in connection with the rental or sale of a dwelling, that expresses or indicates any preference, limitation, or discrimination, or an intent to make any such preference, limitation, or discrimination, on the basis of race or color; and

    d.    Representing to persons because of race or color that any dwelling is not available for inspection, rent, or sale when such dwelling is, in fact, so available.

12. Attached as Appendix A hereto is a list of all dwellings in which Defendants currently have an ownership or management interest as of the date of this Order ("Subject Properties"). Defendants certify that Appendix A is an accurate and complete list of currently covered dwellings.

## IV. NONDISCRIMINATION POLICY

13. Upon entry of this Consent Order, Defendants shall implement the Nondiscrimination Policy appearing at Appendix B at the Subject Properties.

14. Within 30 days of the entry of the Consent Order, Defendants shall distribute the Nondiscrimination Policy to all of their employees, agents, and anyone acting under the direction of Defendant(s), who has responsibility for showing, renting, managing, or

operating any and all dwelling units at the Subject Properties. Defendants shall review this policy, along with a question and answer session, with each employee, agent, or anyone acting under their direction, on an annual basis thereafter.

15. Within 30 days of the entry of this Consent Order, Defendants shall take the following steps to notify the public of their Nondiscrimination Policy:

   a. Prominently post at all rental offices that Defendant(s) currently or subsequently use for the rental of dwellings, a fair housing sign no smaller than ten (10) inches by fourteen (14) inches that indicates that all apartments are available for rent on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement;

   b. Include the words "Equal Housing Opportunity" and/or the fair housing logo in all rental advertising conducted by Defendants, or their agents or employees, in newspapers, flyers, handouts, telephone directories, and other written materials; on radio, television, internet, or other media broadcasts; and on all billboards, signs, pamphlets, brochures, and other promotional literature, provided that this requirement does not compel Defendants to advertise in any of these media, but does require compliance with this provision whenever Defendants so advertise. The words and/or logo shall be prominently placed and easily readable;

   c. Include the following phrase in the rental application(s) and the rental agreement(s) used for rental dwelling units in boldface type, using letters of equal or greater size to those of the text in the body of the document:

> We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status (having children under age 18).

## V. TRAINING

16. Within 30 days of the entry of this Consent Order, Defendants shall show a copy of this Order to their agents and employees involved in showing, renting, managing, or operating any dwelling unit at the Subject Properties. Defendants shall secure a signed statement from each such agent or employee acknowledging that he or she has reviewed and understood their obligations under the Consent Order and the Nondiscrimination Policy, has had the opportunity to have questions about the Consent Order and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Consent Order and the Policy. This statement shall be in the form of Appendix C.

17. Within 30 days after each new agent or employee becomes involved in showing, renting, or managing units at the Subject Properties, Defendants shall show a copy of this Consent Order and provide a copy of the Nondiscrimination Policy to each such agent or employee and secure a signed statement from each agent or employee acknowledging that he or she has reviewed the Consent Order and the Nondiscrimination Policy, has had the opportunity to have questions about the Consent Order and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Consent Order and the policy. This statement shall be in the form of Appendix C. Defendants shall keep copies of the Consent Order and the Nondiscrimination Policy in the handbook for rental managers at each property throughout the duration of the Consent Order.

18. Within 90 days from the date of entry of this Consent Order, Defendants and their

managers, agents, and employees who have responsibility for showing, renting, or managing dwelling units shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of race or color. The training shall be conducted by an independent, qualified third party, not associated with Defendants or their counsel, approved in advance by the United States, and shall last at least two hours. Any expenses associated with this training shall be borne by Defendants. Each individual who receives the training shall execute the Certificate of Training and Receipt of Consent Order, Appendix D.

19. At a minimum, the training required in the preceding paragraph shall consist of the following:

   a. Instruction on the requirements of all applicable federal and state housing discrimination laws; and

   b. A question and answer session for the purpose of reviewing the foregoing areas.

20. All persons responsible for renting, managing, and/or operating dwelling units at the Subject Properties must receive the fair housing training, described in Paragraphs 17 and 18, within 90 days of entry of this Consent Order or within 30 days of beginning their work as manager(s), whichever shall occur later.

## VI. COMPLIANCE TESTING

21. The United States may take steps to monitor Defendants' compliance with this Consent Order including, but not limited to, conducting fair housing tests at Elizabeth Village Mobile Home Park or Heritage Point Mobile Home Park.

## VII. REPORTING AND DOCUMENT RETENTION REQUIREMENTS

22. Defendants shall, no later than 15 days after occurrence, provide to the United States notification and documentation of the following events:[2]

    a. Any change to the rules or practices regarding the nondiscrimination policy discussed in Paragraph 12–14;

    b. Proof of notification of the nondiscrimination policy described in paragraphs 12–14, including executed copies of the Acknowledgment forms, appearing at Appendix B; and

    c. Any written or oral complaint against any Defendant, or any Defendant's agents or employees, regarding discrimination in housing at Elizabeth Village Mobile Home Park or Heritage Point Mobile Home Park. If the complaint is written, Defendant(s) shall provide a copy of it with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendant(s) shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within 15 days of the substance of any resolution of such complaint.

23. Within 6 months of the date of entry of this Consent Order, and every 6 months thereafter for the duration of this Consent Order, Defendants shall deliver to counsel for the United

---

[2] All documents or other communications required by this Consent Order to be sent to counsel for the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G Street N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-86-56, or as otherwise directed by the United States. Facsimile transmissions shall be sent to (202) 514-1116.

States a report containing information about their compliance efforts during the preceding reporting period, including but not limited to:

a. Executed copies of Appendices C and D;

b. Notification and documentation of the adoption and implementation of the nondiscriminatory standards and procedures discussed in Paragraphs 13–15;

c. Photographs of each office in which rental activity is conducted, showing the fair housing signs and Nondiscrimination Standards and Procedures, pursuant to Section IV of this Order; and

d. Any advertisements published in local newspapers pursuant to Paragraph 15.

In addition to the reports required above, Defendants shall submit a final report to the United States no later than 60 days before the expiration of this Order.

24. During the period in which this Consent Order is in effect, Defendants shall preserve all records that are the source of, contain, or relate to any of the information pertinent to their obligations under this Order, including, but not limited to, all rental applications, background/credit reports, leases, purchase contracts, rental roll ledgers, and occupancy lists. Upon reasonable notice to counsel for Defendants, representatives of the United States shall be permitted to inspect and copy all such records pertaining to Elizabeth Village Mobile Home Park or Heritage Point Mobile Home Park at any and all reasonable times.

## VIII. MONETARY DAMAGES FOR AGGRIEVED PERSONS

25. Without admitting the allegations set forth in the Complaint, and in settlement of all claims raised in this case, within ten days after the entry of this Consent Order, Defendants shall send to counsel for the United States, via overnight delivery, a check or checks made payable as directed by the United States to individual members of the Green family in the combined amount of $25,000.[3] The United States will not distribute a check to any individual until Defendants have received that individual's signed release (Appendix F).

## IX. CIVIL PENALTY

26. Within 30 days after the entry of this Consent Order, Defendants shall pay a total of $10,000 to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C). This payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## X. ACQUISITION OR TRANSFER OF INTEREST IN DWELLINGS

27. If at any time while this Consent Order remains in effect, any Defendant maintains that its obligations under this Consent Order have terminated or changed because it has sold or transferred any portion of the Subject Properties to a bona-fide third party purchaser in an arms-length transaction, the Defendant(s) shall inform the United States within thirty (30) days of such transaction and provide the date of the sale or transfer, copies of the sale or transfer documents, and the name(s) and contact information for the subsequent

---

[3] The overnight mail enclosing the checks shall be addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, DJ 175-86-56, United States Department of Justice, 1800 G Street, NW, Washington, D.C. 20006.

purchaser. The terms of this Consent Order shall not apply to properties over which no Defendants have any monetary interest or control.

28. If any transfer of any Defendant's interest in any dwelling covered by this Order is not an arm's-length transaction, the Defendant(s) and the new owner(s) shall remain jointly and severally liable for any violations of this Order for its duration.

## XI. COMPLIANCE WITH CONSENT ORDER

29. This Consent Order constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted or could have been asserted in this action.

30. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case shall be dismissed with prejudice. This Order shall be in effect for a period of 3 years from the date of its entry. The United States may move the Court to extend the duration of the Consent Order in the event of noncompliance, whether intentional or not, with any of its terms, or if it believes the interests of justice so require.

31. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by any Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance

of such act. The parties shall give 10 days' written notice to the opposing party before moving for review by the Court.

## XII. TERMINATION OF LITIGATION HOLD

32. The parties agree that, as of the date of the entry of this Decree, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

## XIII. TIME FOR PERFORMANCE

33. Any time limits for performance imposed by this Order may be extended by mutual written agreement of the parties.

## XIV. COSTS OF LITIGATION

34. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

Dated: June 27, 2013

MYRON H. THOMPSON
United States District Judge

*For the United States:*

GEORGE L. BECK
United States' Attorney

JAMES J. DUBOIS
Assistant U.S. Attorney
United States Attorney's Office
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
james.dubois2@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

/s/ Andrea K. Steinacker
STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief
ANDREA K. STEINACKER (WA #35688)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530
Ph: (202) 305-0744; Fax: (202) 514-1116
andrea.steinacker@usdoj.gov

*For All Defendants:*

/s/ Sarah C. Blutter
Michael A. Johnson
Justin A. Barkley
Sarah C. Blutter
Johnston Barton Proctor & Rose LLP
569 Brookwood Village, Suite 901
Birmingham, AL 35209
Ph: (205) 458-9400
Fax: (205) 458-9500
jab@johnstonbarton.com
scb@johnstonbarton.com

# APPENDIX A

Elizabeth Village Mobile Home Park, 1065 Alabama Street, Carrollton, GA 30117

Rolling Hills Mobile Home Park, 1885 Lovvorn Road, Carrollton, GA 30117

Lawrence Park, 1085 Lovvorn Road, Carrollton, GA 30117

Oakwood Mobile Home Park, 1745 Bankhead Highway, Carrollton, GA 30117

Country Crossings Mobile Home Park, Whitesburg, GA

Timber Creek Mobile Home Park, 3387 N Expressway, Griffin, GA 30223

Sea Pines Mobile Home Park, 1451 Cedar Crescent Dr., Mobile, AL 36605

Heritage Point Mobile Home Park, 1200 West Blvd., Montgomery, AL 36108

Lakewood Estates Mobile Home Park, 3945 Birmingham Highway, Montgomery, AL 36108

Rambling Oaks Mobile Home Park, 125 James Madison Dr., Huntsville, AL 35824

100 Oaks Mobile Home Park, 2755 Stonefield Dr., Fultondale, AL 35068

Holiday Riviera Mobile Home Park, 800 King Richard Dr., Warner Robins, GA 31088

# APPENDIX B

# NONDISCRIMINATION POLICY

It is the policy of Lawrence Properties, Inc. to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that mobile homes and mobile home lots are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex. This policy means that, among other things, Lawrence Properties, Inc., and all its agents and employees with the responsibility for renting, managing, or administering any dwelling units must not discriminate in any aspect of the rental of dwellings against qualified applicants or tenants because of race or color. Such agents and employees may not:

A. Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, familial status, or sex;

B. Discriminate against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

C. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex; or

D. Represent to persons because of race, color, religion, national origin, disability, familial status, or sex that any dwelling is not available for inspection or rental when such dwelling is in fact so available.

Any agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws. Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee may contact the U.S. Department of Housing and Urban Development at 1-888-799-2085, or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

## APPENDIX C

## ACKNOWLEDGMENT OF RECEIPT OF CONSENT ORDER

I acknowledge that on _____, 20___, I reviewed the Consent Order entered by the Court in *United States v. Lawrence Properties, Inc. et al.*, Civil Action No. 2:12-cv-00776-MHT-CSC (M.D. Ala.), and the Nondiscrimination Policy adopted by the Defendants pursuant thereto. I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title/Position

_____
Date

## APPENDIX D

## EMPLOYEE TRAINING ACKNOWLEDGMENT

I acknowledge that on _____, 20\_\_\_, I received _____ minutes of in-person training on the requirements of the Fair Housing Act.

_____
Signature

_____
Print Name

_____
Job Title/Position

_____
Date

# APPENDIX F[4]

## FULL AND FINAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Order they entered into in the case of *United States v. Lawrence Properties, Inc. et al.*, Civil Action No. 2:12-cv-00776-MHT-CSC (M.D. Ala.) as approved by the United States District Court for the Middle District of Alabama, and in consideration for the payment of $_____, I,

_____, do hereby fully release and forever discharge Lawrence Properties, Inc., Lawrence at Lakewood, LLC, Michael Lawrence, and William Bounds (hereinafter "Defendants"), along with their insurers, attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, former employees, heirs, executors, and administrators and any persons acting under their respective direction or control, from any and all fair housing claims set forth or related to the facts at issue in the litigation referenced above and/or in HUD Complaint Case Number 04-08-0355-8, or in any way related to that litigation, and any other claims arising from alleged housing discrimination that I may have had against any of them for any of Defendants' actions or statements related to those claims through the date of the entry of the Consent Order.

I also acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

I declare under penalty of perjury that the foregoing is true and correct.

        Executed this \_\_\_\_\_ day of _____, 2013.

_____
[Signature]

_____
[Print Name]

---

[4] The release for Kenneth Green and/or Erica Guice will include a release on behalf of their minor children named in the HUD complaint.